UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK #218347,

             Plaintiff,

    v.

UNKNOWN PARTY #1, et al.,

             Defendants.

_____/

Case No.  2:22-cv-00145

Hon.  Maarten Vermaat
U.S. Magistrate Judge

## OPINION AND ORDER OF DISMISSAL

Plaintiff former state prisoner Daniel Horacek filed this complaint under 42 U.S.C. § 1983 alleging a violation of his First Amendment rights while he was confined with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility.  (ECF No. 1.)  Horacek alleged that Defendants Jane Doe number 1 and Jane/John Doe number 2 violated his rights by opening and reading his legal mail outside of his presence.

On August 15, 2023, the Court received mail that was undeliverable to Horacek's address on file with the Court.  The notation on the undeliverable mail indicated that Horacek was no longer a resident at that address.  (ECF No. 15.) Horacek has failed to update his address with the Court.

A plaintiff is required to "keep the Court apprised of a current address" and failure to do so "shall be grounds for dismissal for want of prosecution."  W.D. Mich. LCivR 41.1.  The Court has authority to dismiss a case under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute his case or to comply with rules, or a court order.

It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).  As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., *id.*, at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
>
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
>
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
>
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
>
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

Horacek has failed to prosecute this case by updating his address with the Court, or by otherwise filing any pleading in this case since he filed a change of address notice on September 19, 2022.[1]

Accordingly, this case is dismissed due to Horacek's failure to prosecute.

IT IS SO ORDERED

Dated:   August 22, 2023

/s/ *Maarten Vermaat*

MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

---

[1]   Horacek changed his address after he was paroled from prison. (ECF Nos. 7 and 8.)  According to the MDOC Offender Tracking Information System, Horacek has absconded from parole and his whereabouts are unknown. https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=218347      (last visited August 22, 2023).